FILED

2015 Jan-20  PM 03:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **BENNIE WILLIAMS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  5:12-cv-02940-JHE** |
| | } | |
| **STUDENT LOAN GUARANTEE FOUNDATION OF ARKANSAS,** | } | |
| | } | |
| | } | |
| **Defendant.** | } | |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

On September 30, 2014, the Magistrate Judge entered a report and recommendation, in which he recommended that the Court grant in part and deny in part defendant Student Loan Guarantee Foundation of Arkansas's (SLGFA) motion to dismiss. (Doc. 71). SLGFA objects to the report and recommendation. (Doc. 72). The Clerk randomly selected the undersigned to review the objections to the report and recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This means the Court must "give fresh consideration to those

issues to which specific objection has been made." *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).  The portions of the report and recommendation to which the petitioner has not objected are reviewed for clear error.  *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).  The Court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

SLGFA objects to the Magistrate Judge's conclusion that venue is proper in the Northern District of Alabama.  (Doc. 72, pp. 1-5).  SLGFA submits that the Magistrate Judge improperly analyzed SLGFA's residency for purposes of the general venue statute, 28 U.S.C § 1391(b).  (Doc. 72, pp. 2-4).  SLGFA also challenges the Magistrate Judge's finding that SLGFA did not contest personal jurisdiction.  (Doc. 72, p. 4).

With respect to its second argument, SLGFA claims that it objected to personal jurisdiction by "specifically contest[ing] [] venue in its motion to dismiss (document 13, page 2)."  (Doc. 72, p. 4).  According to SLGFA, because "venue is so closely intertwined with personal jurisdiction, to contest one would be tantamount to contesting the other."  (Doc. 72, pp. 4-5).  Eleventh Circuit precedent forecloses this argument.  *See Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004) ("Though venue and personal jurisdiction involve some of the same factors, a motion challenging venue is not effective to preserve the issue of

personal jurisdiction.") (internal citations omitted).   By failing to challenge personal jurisdiction in its initial Federal Rule of Civil Procedure 12(b) motion to dismiss, SLGFA waived its objection to personal jurisdiction.  *See* Fed. R. Civ. P. 12(h) ("A party waives any defense listed in Rule 12(b)(2)-(5) by:  (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) by failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."); *Perlman v. Delisfort-Theodule*, 451 Fed. Appx. 846, 848 (11th Cir. 2012) ("'Lack of personal jurisdiction is a waivable defect, and . . . a defendant waives any objection to the district court's jurisdiction over [its] person by not objecting to it in a responsive pleading or a Fed. R. Civ. P. 12 motion.'") (quoting *Palmer*, 376 F.3d at 1259).

Waiver notwithstanding, the Magistrate Judge's personal jurisdiction analysis is sound.  SLGFA argues that Mr. Williams "has made no credible allegation that SLGFA's alleged intentional conduct was 'expressly aimed' at the Northern District of Alabama.  How would SLGFA know when these loans were made that [Mr. Williams] would end up in Alabama?"  (Doc. 72, p. 3).  As the Magistrate Judge explained, Mr. Williams's claims do not concern the loan origination; the claims pertain to "his attempts to dispute the allegedly fraudulent charges against his credit and the resulting harm to his credit with the people in

3

Madison County, Alabama." (Doc. 71, p. 7) (citing Doc. 56 at 5-7). In light of Mr. Williams's allegations concerning SLGFA's handling of his reports of fraudulent charges, SLGFA could anticipate that the effects of its actions would be felt in Alabama. Therefore, this Court may assert personal jurisdiction over SLGFA. Because SLGFA is subject to the Court's personal jurisdiction, the Magistrate Judge correctly determined that venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

SLGFA also challenges the Magistrate Judge's conclusion that Mr. Williams's Fair Credit Reporting Act claim is not time barred. (Doc. 72, p. 5). Pursuant to the FRCA limitations provision, a plaintiff must bring a FCRA claim within two years of the discovery or five years of the occurrence of the alleged statutory violation. 15 U.S.C. § 1681p. "Generally, the existence of an affirmative defense will not support a motion to dismiss." *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984). Nevertheless, "[a] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate 'if it is apparent from the face of the complaint that the claim is time-barred.'" *Gonsalvez v. Celebrity Cruises, Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (quoting *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004)).

It is not apparent from the face of Mr. Williams's complaint that his FCRA claim is barred by the statute of limitations. Mr. Williams alleges that in or after

4

April 2012, defendant TransUnion notified SLGFA of his concerns regarding his credit report and that SLGFA failed to investigate and correct the accounts.  (Doc. 5, ¶¶ 15, 19).  Based on these allegations, Mr. Williams contends that SLGFA, as a furnisher of information under the FCRA, failed to fulfill its duties under 15 U.S.C. § 1681s-2(b).   As the Magistrate Judge noted, SLGFA's alleged violations of its FCRA duties would have occurred after April 11, 2012.  (Doc. 71, p. 11).  Mr. Williams filed suit in September 2012, well within the two or five year limitation period.  Therefore, the Court cannot conclude from the face of the complaint that Mr. Williams's FCRA claim is time barred.

Based on the Court's de novo review of the portions of the Magistrate Judge's report and recommendation to which SLGFA objected and the Court's review for clear error of the portions of the report and recommendation to which SLGFA did not object, the Court **ADOPTS** the Magistrate Judge's report and **ACCEPTS** his recommendation.

Accordingly, the Court:

(1)   **GRANTS** SLGFA's motion to dismiss as to the plaintiff's state law claims.  The Court **DISMISSES WITH PREJUDICE** the plaintiff's state law claims as preempted by 15 U.S.C. § 1681t(b)(1)(F);

(2)   **GRANTS** SLGFA's motion to dismiss as to the plaintiff's claim for violations of the Fair Debt Collection Practices Act.   The court **DISMISSES WITHOUT PREJUDICE** the plaintiff's FDCPA claim;

(3)   **GRANTS** SLGFA's motion to dismiss as to the plaintiff's FCRA claim to the extent he relies on 15 U.S.C. § 1681e(b); and

(4)   **DENIES** SLGFA's motion to dismiss as to the plaintiff's FCRA claim based on alleged violations of 15 U.S.C. § 1681s-2(b).

The Court **REFERS** this matter back to the Magistrate Judge for further proceedings consistent with this order.

**DONE** and **ORDERED** this January 20, 2015.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

6