UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **BENNIE WILLIAMS,** | } |
| Plaintiff, | } } } |
| v. | } Case No.: 5:12-cv-02940-JHE |
| **STUDENT LOAN GUARANTEE FOUNDATION OF ARKANSAS,** | } } } |
| Defendant. | } } |

## MEMORANDUM OPINION

On March 17, 2015, Magistrate Judge John England entered a report and recommendation, in which he recommended that the Court dismiss this action with prejudice for want of prosecution. (Doc. 79). Neither Mr. Williams nor the remaining defendant, Student Loan Guarantee Foundation of Arkansas, objected to the report and recommendation. The Clerk randomly reassigned this case to the undersigned to review the report and recommendation. (Doc. 80).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes timely objections to a report and recommendation, the district

court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

When no objections are filed, the district court need not conduct a de novo review. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted). In *Macort v. Prem, Inc.*, 208 Fed. Appx. 781 (11th Cir. 2006), the Eleventh Circuit stated:

> Most circuits agree that "[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.,* 416 F.3d 310, 315 (4th Cir. 2005) (quotations omitted); *accord Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999) ("If no objection or only partial objection is made [to the magistrate judge's report], the district court judge reviews those unobjected portions for clear error."); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989) (noting that the "clearly erroneous" standard is appropriate where there has been no objection to the magistrate judge's ruling); *Drywall Tapers & Pointers v. Local 530,* 889 F.2d 389, 395 (2d Cir. 1989) ("Where a magistrate [judge] has been appointed to conduct an evidentiary hearing, the district court reviews the Report and Recommendation under the same clearly erroneous standard.") (citing *Wooldridge v. Marlene Indus. Corp.,* 875 F.2d 540, 544 (6th Cir. 1989)).

*Id.* at 784. The Eleventh Circuit does not appear to have expressly held that a district court should review a report and recommendation for clear error in the absence of any objections, but other courts in this Circuit use the clear error standard in the absence of objections. *Tauber v. Barnhart*, 438 F. Supp. 2d 1366 (N.D. Ga. 2006) ("[I]ssues upon which no specific objections are raised do not so require *de novo* review; the district court may therefore accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge, applying a clearly erroneous standard.") (internal citations and quotations omitted); *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County,* 278 F. Supp. 2d 1301, 1307 (M.D. Fla. 2003) ("[W]hen no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard."); *Shuler v. Infinity Property & Gas*, 2013 WL 1346615, at *1 (Mar. 29, 2013) (portions of a report and recommendation "to which no objections is filed are reviewed only for clear error").

The Court has carefully reviewed the record and Magistrate Judge England's report and recommendation. (Doc. 79). Applying the clearly erroneous standard, the Court **ADOPTS** the March 17, 2015 report and **ACCEPTS** Judge England's recommendation that the Court dismiss this action with prejudice for failure to

prosecute.[1]  The Court will enter a separate order consistent with this memorandum opinion.

The Court **DIRECTS** the Clerk to please mail a copy of this memorandum opinion to Mr. Williams.

**DONE** and **ORDERED** this April 22, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[1] Before issuing this memorandum opinion, the Court conducted a telephone conference on April 21, 2015 to give Mr. Williams one last opportunity to participate in this action.  Counsel for Student Loan Guarantee Foundation of Arkansas participated in the telephone conference.  Mr. Williams did not participate in the telephone conference.  The telephone conference began at 3:30 p.m.  The Court waited until 3:40 p.m. to conclude the telephone conference.  A transcript of the telephone conference is available upon request.